## Stover's License.

*Liquor laws—Refusal of license—Violation of liquor laws in another state.*

The fact that an applicant for a retail liquor license had been twice convicted for violating the license laws in a neighboring state during the preceding ten years, is good ground for refusing him a license.

Argued April 20, 1915. Appeal, No. 18, Oct. T., 1915, by William H. Stover, from order of Q. S. Franklin Co., Feb. Sessions, 1915, refusing a liquor license. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Petition for retail liquor license. Before GILLIN, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court refusing license.

*Garnet Gehr,* with him *William S. Hoerner,* for appellant.

No printed brief for appellee.

OPINION BY ORLADY, J., July 21, 1915:

This applicant was refused a license to sell liquor by

retail at his hotel for the reason that during the preceding ten years, when he held a license as a retail liquor dealer in a neighboring state, he had been twice convicted of violating the license laws. The offenses named are crimes in that as in this State, and at a hearing of this case, the applicant submitted himself to examination when all questions raised by the remonstrances were fully investigated. The place where they were committed is not controlling as in this State a license can only be granted to a person of good moral character, and this quality does not depend on geographic location. One who, in the judgment of the license court has been proven to have made sales to minors, or permitted disreputable and disorderly persons to make his place of business a customary place of visitation and resort should not be granted a license. Proof of the commission of these offenses in our State is a sufficient reason to justify the revocation of a license, and furnishes as good a reason for withholding it, without regard to the place where they were committed. We are not disposed to critically examine the process by which the license court arrives at a discretionary conclusion, or review the evidence to determine whether we agree with the viewpoint of the court in regard to character of the place or person to be licensed. While the reasons for refusing the license are in the decree made, they are based on oral testimony which is not rightfully before us.

The decree is affirmed.